# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | | |
|---|---|---|
| FELISHA COTTLE, on behalf of herself and others similarly-situated, Plaintiffs, | ) ) ) ) | |
| v. | ) ) | CAUSE NO.: 2:11-CV-95-PRC |
| FALCON HOLDINGS MANAGEMENT, LLC d/b/a CHURCH'S CHICKEN, Defendant. | ) ) ) | |

## OPINION AND ORDER

This matter is before the Court on a Motion to Strike Affirmative Defenses [DE 38], filed by Plaintiff on December 1, 2011. Defendant filed a response on December 15, 2011, and Plaintiff filed a reply on December 19, 2011.

Under Federal Rule of Civil Procedure 12(f), the Court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f); *see also Delta Consulting Grp., Inc. v. R. Randle Constr., Inc.,* 554 F.3d 1133, 1141 (7th Cir. 2009) (citing Rule 12(f) and affirming the striking of portions of a counterclaim). The Seventh Circuit Court of Appeals has held that motions to strike are generally disfavored; however, a motion to strike may "serve to expedite, not delay," when it seeks to strike portions of a pleading to "remove unnecessary clutter from the case." *Heller Fin. v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1294 (7th Cir. 1989). Affirmative defenses are stricken "only when they are insufficient on the face of the pleadings." *Williams v. Jader Fuel Co., Inc.*, 944 F.2d 1388, 1400 (7th Cir. 1991) (citing *Heller*, 883 F.2d at 1294) ("Ordinarily, defenses will not be struck if they are sufficient as a matter of law or if they present questions of law or fact.").

"Affirmative defenses are pleadings and, therefore, are subject to all pleading requirements

of the Federal Rules of Civil Procedure" and "must set forth a 'short and plain statement' of the defense." *Heller*, 883 F.2d at 1294 (quoting Fed. R. Civ. P. 8(a)).[1] In *Heller*, the court found several defenses meritless because they were "nothing but bare bones conclusory allegations," noting that the defendant "omitted any short and plain statement of facts and failed totally to allege the necessary elements of the alleged claims." *Id.* at 1295.

In the instant motion, Plaintiff asks the Court to strike the affirmative defenses found in paragraphs 86, 87, 88, 89, 98, 100, 101, 103, and 107 of Defendant's Answer. Plaintiff bases her motion on the pleading standard articulated by the United States Supreme Court in *Bell Atlantic v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). In particular, Plaintiff argues that none of the identified affirmative defenses contain any specificity or factual support to provide Plaintiff with sufficient notice and, thus, should be stricken as insufficient. Defendant responds that the standard articulated in *Twombly* and *Iqbal* does not apply to pleading affirmative defenses. Rather, Defendant asserts that, under *Williams v. Jader Fuel*, the burden is on Plaintiff to show that there is no set of facts that could be proved in support of Defendant's affirmative defenses.

District Courts are split as to whether the pleading standard for a complaint first articulated by the United States Supreme Court in *Twombly*, and then applied more broadly in *Iqbal*, applies to the pleading of affirmative defenses, and it appears that no Federal Appellate Court has addressed the issue. *See Champion Steel Corp. v. Midwest Strapping Prods., Inc.*, No. 10 C 50303, 2011 WL 5983297, at *2 n.2 (N.D. Ill. Nov. 28, 2011) (listing cases on each side of the split); *Riemer v. Chase Bank USA, N.A.*, 10 C 6150, 2011 WL 2110242, at *2 (N.D. Ill. May 25, 2011) (same); *see also*

---

[1] Notably, the Court in *Heller* does not include the requirement in 8(a)(2) of "showing that the pleader is entitled to relief." *Heller Fin. v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1294 (7th Cir. 1989); *see* Fed. R. Civ. P. 8(a)(2).

2

*Massenberg v. A&R Sec. Servs., Inc.*, No. 10 C 7187, 2011 WL 2909364, *1 (N.D. Ill. July 18, 2011) (citing *Riemer* and adopting the standard in *Iqbal* and *Twombly* for affirmative defenses); *J&J Sports Prods., Inc. v. Munoz*, No. 1:10-CV-1563, 2011 WL 2881285, at *1 (S.D. Ind. July 15, 2011) (declining to follow courts applying the holding of *Twombly* and *Iqbal* to affirmative defenses and following *Leon v. Jacobson Transp. Co., Inc.*, No 10 C 4939, 2010 WL 4810600, *1 (N.D. Ill. Nov. 19, 2010)); *Leon*, 2010 WL 4810600, at *1.

In *Twombly* and *Iqbal*, the Supreme Court reiterated that, to survive a 12(b)(6) motion to dismiss for failure to state a claim, a complaint must first comply with Rule 8(a) by providing "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), such that the defendant is given "fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); *see also Ashcroft v. Iqbal*, 556 U.S. 662, —, 129 S.Ct. 1937, 1949 (2009). The Supreme Court further held that the "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 570).

This Court agrees with those cases declining to apply the "plausibility" standard of *Iqbal* and *Twombly* to affirmative defenses.[2] *See, e.g., J&J Sports Prods.*, 2011 WL 2881285, at * 1; *Schlief v. Nu-Source, Inc.*, Civil No. 10-4777, 2011 WL 1560672, at * 9 (D. Minn. Apr. 25, 2011); *Wells Fargo & Co. v. United States*, 750 F. Supp. 2d 1049, 1051-52 (D. Minn. 2010); *Leon*, 2010 WL

---

[2] In *Puryear v. Indiana Pallet Co.*, No. 2:11-CV-12, 2011 WL 5553697, *1 (N.D. Ind. Nov. 15, 2011), this Court cited *Iqbal* and *Twombly* for the basic principles consistent with the standard for affirmative defenses set forth in *Heller*, namely that the "affirmative defense must provide enough information such that the plaintiff is given 'fair notice of what the . . . claim is and the grounds upon which it rests" and that "a formulaic recitation of the elements of a cause of action will not do." *Id*. (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). In assessing the validity of the affirmative defenses, the Court applied the standard in *Heller* and did not rely on the heightened "plausibility" standard articulated in *Twombly* and *Iqbal.*

3

4810600, at *1.[2]

First, the language of Rule 8(a)(2) relied on by the Supreme Court in *Twombly* and *Iqbal*, that "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the claim *showing that the pleader is entitled to relief*" Fed. R. Civ. P. 8(a) (emphasis added), is not contained in Rules 8(b) or 8(c), which govern defenses and affirmative defenses, respectively.[3] *See Schlief*, 2011 WL 1560672, at *9 (citing *Wells Fargo & Co. v. United States*, 750 F. Supp. 2d 1049, 1051 (D. Minn. 2010)). In reaching its adoption of the "plausibility" standard, the Supreme Court reasoned that "[t]he need at the pleading stage for allegations plausibly suggesting (not merely consistent with) agreement reflects the threshold requirement of Rule 8(a)(2) that the 'plain

---

[2] *See also Paducah River Painting, Inc. v. McNational Inc.*, No. 5:11-CV-00135-R, 2011 WL 5525938, *3 (W.D. Ky. Nov. 14, 2011) (recognizing the split among district courts, identifying the reasoning of each side of the split, citing cases, and declining to follow *Iqbal* and *Twombly*) (citing *Holley Performance Prods., Inc. v. Quick Fuel Tech., Inc.*, No. 1:07-CV-00185, 2011 WL 3159177 (W.D. Ky. July 26, 2011); *Aros v. United Rentals, Inc.*, 2011 WL 5238829, at *3 (D. Conn. Oct. 31, 2011) (same); *Chiancone v. City of Akron*, No. 5:11CV337, 2011 WL 4436587, at * 3 (N.D. Ohio, Sept. 23, 2011) (declining to adopt the standard of *Twombly* and *Iqbal* for affirmative defenses); *Baroness Small Estates, Inc. v. BJ's Rests., Inc.*, No. SACV 11-00468, 2011 WL 3438873, at *5 (C.D. Cal. Aug. 5, 2011) (same); *Ailey v. Midland Funding, LLC*, No. 3:11-CV-77, 2011 WL 3049283, at *3 (E.D. Tenn. July 25, 2011) (same); *Michaud v. Greenberg & Sada, P.C.*, No. 11-CV-1015, 2011 WL 2885952, at *2 (D. Colo. July 18, 2011) (declining to adopt *Twombly/Iqbal* for affirmative defenses and adopting the reasoning in *Holdbrook v. SAIA Motor Freight Line,LLC*, No. 09-CV-02870, 2010 WL 865380 (D. Colo. Mar. 8, 2010)); *Merchants Commercial Bank v. Tillet*, Civil No. ST-10-CV-364, 2011WL 4703090 (V.I. Super. Apr. 20, 2011) (declining to extend *Twombly* and *Iqal* to affirmative defenses); *Jeeper's of Auburn, Inc. v. KWJB Enter., LLC*, No. 10-13682, 2011 WL 1899195, at *2 (E.D. Mich. Mar. 16, 2011) (same); *F.T.C. v. Hope Now Modifications, LLC*, No. 09-1204, 2011 WL 883202, at *3 (D.N.J. Mar. 10, 2011) (joining the two other District Courts in the Circuit that had addressed the issue to hold that the heightened pleading standard of *Twombly* and *Iqbal* does not apply to affirmative defenses); *Lane v. Page*, 272 F.R.D. 581, 588-598 (D.N.M. 2011) (discussing at length its reasoning for not applying *Twombly* and *Iqbal* to affirmative defenses and citing extensively the cases on both sides of the split; *Odyssey Imaging, LLC v. Cardiology Assocs. of Johnston, LLC*, 752 F. Supp. 2d 721, 725 (W.D. Va. 2010).

[3] Federal Rule of Civil Procedure 8(b), which applies to "defenses," provides that, "[i]n responding to a pleading, a party must . . . state in short and plain terms its defenses to each claim asserted against it; and . . . admit or deny the allegations asserted against it by an opposing party." Fed. R. Civ. P. 8(b). "Defense" is defined as "[a] defendant's stated reason why the plaintiff . . . has no valid case. . . ." Black's Law Dictionary 430 (7th ed. 1999).

As for "affirmative defenses," Rule 8(c) goes on to provide that "[i]n responding to a pleading, a party must affirmatively state any avoidance or affirmative defense" and then lists 18 affirmative defenses that must be pled. Fed. R. Civ. P. 8(c). An "affirmative defense" is defined as "[a] defendant's assertion raising new facts and arguments that, if true, will defeat the plaintiff's . . . claim, even if all allegations in the complaint are true." Black's Law Dictionary 430.

4

statement' possess enough heft to 'sho[w] that the pleader is entitled to relief." *Twombly*, 550 U.S. at 557. The requirement of a "showing that the pleader is entitled to relief" in Rule 8(a) is not contained within the requirements of 8(b) for "defenses" or 8(c) for "affirmative defenses," and an affirmative defense is not a claim for relief. In *Leon v. Jacobson Transportation Co.*, the court reasons that "the driving force behind *Twombly* and *Iqbal* was to make it more difficult to use a bare-bones complaint to open the gates to expensive discovery and force an extortionate settlement," and the risk of nuisance affirmative defenses does not warrant an extension of the "plausibility" standard. 2010 WL 4810600, at * 1.

Second, whereas a plaintiff generally has the benefit of the period of the statute of limitations, which may extend from many months to several years, to investigate and file a complaint, a defendant typically has only 21 days in which to serve an answer, including affirmative defenses, to the complaint. *See* Fed. R. Civ. P. 12(a)(1)(A)(i); *Schlief*, 2011 WL 1560672, at *9 (citing *Wells Fargo*, 750 F. Supp. 2d at 1051); *Leon*, 2010 WL 4810600, at *1.

Third, requiring a more detailed factual pleading of affirmative defenses than is already required would likely shift the nature of federal civil practice and may increase motion practice related to affirmative defenses. *See Schlief*, 2011 WL 1560672, at *9 (citing *Wells Fargo*, 750 F. Supp. 2d at 1051-52); *Leon*, 2010 WL 4810600, at * 1. In *Wells Fargo*, the court imagines the motion practice that may flow from the application of the plausibility standard to affirmative defenses:

> In a typical case, it quickly becomes apparent that most of the affirmative defenses are not viable, and the parties simply ignore them. No judicial intervention is necessary. Applying *Iqbal* and *Twombly* to affirmative defenses would force defendants to plead fewer affirmative defenses and then, after taking discovery, to move the Court for permission to amend their answers to add affirmative defenses. Plaintiffs would often resist those motions on the grounds that the proposed

affirmative defenses would be futile. Thus, another round of motion practice would be added to many cases, increasing the burdens on the federal courts, and adding expense and delay for the parties.

750 F. Supp. 2d at 1052. In *Leon*, the court contemplates disputes arising over discovery sought by a defendant related to an affirmative defense that it had not stated in its answer. 2010 WL 4810600, at *1.

Thus, the Court considers Plaintiff's Motion to Strike under the standard set forth in *Heller*. Although Plaintiff argues for the application of *Tombly* and *Iqbal* to affirmative defenses, Plaintiff nevertheless also moves to strike the affirmative defenses under the standard set forth in *Heller*.

*A. Paragraphs 86-89: Failure to State a Claim*

In Paragraphs 86-89, Defendant sets forth the following four defenses:

86. Plaintiff has failed to state a claim against Defendant pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Sec. 2000e, et seq. as amended.

87. Plaintiff has failed to state a claim against Defendant pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. Sec. 12101, et seq., as amended.

88. Plaintiff has failed to state a claim against Defendant pursuant to the Fair Labor Standards Act, 29 U.S.C. Sec. 201, et seq., as amended.

89. Plaintiff has failed to state a claim against Defendant that would entitle the plaintiff to any damages.

"Failure to state a claim" is a recognized defense under Federal Rule of Civil Procedure 12(b). It is not, however, an "affirmative defense" because it does not assume that the allegations of the Complaint are true and then articulate a separate reason why defendant is not liable. As noted above, motions to strike are generally disfavored because they often serve only to delay proceedings. However, a defense or affirmative defense must nevertheless be adequately pled to put a plaintiff

on notice of the defense. Although Paragraphs 86-88 cite each statute under which Plaintiff's claims are brought, Defendant has not provided any allegations as to how Plaintiff has failed to state a claim under each statute or to state a claim for damages. These "bare bones legal assertions" do not meet the standard of Rule 8(b) and *Heller*. Accordingly, the Court grants the Motion to Strike as to the defenses in Paragraphs 86-89.

*B. Paragraph 98: Due Process*

In paragraph 98, Defendant alleges: "Defendant further urges the limitation on damages under the due process clause of the United States Constitution and the Indiana Constitution." Plaintiff argues that this defense does not cite what specific sections of the Constitution apply, the alleged limits on damages, or the way in which Defendant believes such limitations apply in Plaintiff's case. In *Carter v. United States*, 333 F.3d 791, 796 (7th Cir. 2003), the Seventh Circuit Court of Appeals notes that courts are divided on the issue of whether a limitation on damages is an affirmative defense and declined to "take sides on the conflict." Instead, the Court found that the failure to plead limitation on damages in that case as an affirmative defense was harmless in that case. *Id*.

The Court finds that in Paragraph 98, Defendant has put Plaintiff on notice that it may assert a legal defense that any damages award must be limited consistent with the Due Process clause of the Constitution, presumably based on the United State Supreme Court decision in *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 416 (2003) ("The Due Process Clause of the Fourteenth Amendment prohibits the imposition of grossly excessive or arbitrary punishments on a tortfeasor."). The Court denies the motion as to Paragraph 98.

*C. Paragraph 100: Privilege and Good Faith Reliance*

7

Paragraph 100 of the Answer provides: "Defendant further alleges Defendant's conduct with respect to Plaintiff was, at all relevant times, taken in good faith, privileged, without malice or willfulness, and based on a reasonable interpretation of the Fair Labor Standards Act." This statement of the defense is a "bare bones legal assertion," insufficient under *Heller*. Accordingly, the Court grants the motion as to the defense in Paragraph 100. *See e.g.*, *Marchbanks v. Beelman River Terminals, Inc.*, 2007 WL 1266520, at *2 (S.D. Ill. Apr. 30, 2007) (striking a "good faith" defense under the FLSA that failed to state any facts that would establish the defense).

D. *Paragraph 101: Undue Hardship*

Paragraph 101 provides: "Defendant further alleges that the accommodations Plaintiff is asserting she was entitled to would have constituted an undue hardship." The accommodations that Plaintiff requested are set forth in Paragraph 18 of her Complaint, and Paragraphs 14-19 provide further factual background for Plaintiff's failure to accommodate claim under the Americans with Disabilities Act. Because this affirmative defense relies directly on the factual allegations in Plaintiff's Complaint, the Plaintiff is on notice of the nature of the defense. The extent of the undue hardship, if any, will be fleshed out through discovery. Accordingly, the Court denies the Motion to Strike as to Paragraph 101.

E. *Paragraph 103: Business Necessity*

Paragraph 103 provides: "Defendant further alleges that Plaintiff's claims are barred, in whole or in part, because Defendant's conduct with respect to Plaintiff was, at all relevant times, job-related and consistent with business necessity." As with the prior defense, the factual basis of "Defendant's conduct" is set forth throughout Plaintiff's Complaint sufficiently to put Plaintiff on notice of the affirmative defense. The details of any business necessity leading to Defendant's

conduct set out in Plaintiff's Complaint, if any, may be developed through discovery. The Court denies the Motion to Strike as to Paragraph 103.

*F. Paragraph 107: Non-Compensable Time*

Paragraph 107 provides: "Defendant further alleges that any preliminary and postliminary activities performed by Plaintiff or any other putative collection action member is not compensable time worked as a matter of law." There are no factual allegations in Plaintiff's Complaint or in the Defendant's Answer that identify any alleged activities by Plaintiff or her co-workers that could constitute preliminary or postliminary activities. Therefore, there is no factual basis sufficient to put Plaintiff on notice of the affirmative defenses. The Court grants the Motion to Strike as to Paragraph 107.

## CONCLUSION

Based on the foregoing, the Court hereby **GRANTS in part** and **DENIES in part** the Motion to Strike Affirmative Defenses [DE 38]. The Court **STRIKES** Paragraphs 86, 87, 88, 89, 100, and 107 of Defendant's Answer.

So ORDERED this 30th day of January, 2012.

                                              s/ Paul R. Cherry
                                              MAGISTRATE JUDGE PAUL R. CHERRY
                                              UNITED STATES DISTRICT COURT

cc:     All counsel of record