UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| FELISHA COTTLE, on behalf of ) <br> herself and others similarly-situated, ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> FALCON HOLDINGS MANAGEMENT, LLC ) <br> and FALCON HOLDINGS MANAGEMENT, ) <br> LLC d/b/a CHURCH'S CHICKEN, ) <br> Defendants. ) | CAUSE NO.: 2:11-CV-95-PRC |

**OPINION AND ORDER**

This matter is before the Court on Defendants' Motion to Sever [DE 85], filed by Defendants Falcon Holdings Management, LLC and Falcon Holdings, LLC d/b/a Church's Chicken on June 22, 2012. Plaintiff Felicia Cottle filed a response on July 6, 2012, and Defendants filed a reply on July 13, 2012.

Defendants ask the Court to sever any and all claims related to the Fair Labor Standards Act ("FLSA") from the other claims brought in Ms. Cottle's Amended Complaint under Title VII, the ADA, and Indiana State law. In the time since Defendants filed the instant Motion to Sever, the legal claims pled in the Amended Complaint have been significantly narrowed by Court rulings. The Court denied Defendants' motion to decertify the FLSA collective action, but rulings on other motions have reduced the number of members in the FLSA collective action class from the original 19 to three (Felicia Cottle, Fred Culbreath, and Deon Thompson). Following the ruling on summary judgment, two substantive claims remain: (1) the FLSA collective action claim for unpaid wages and (2) Ms. Cottle's Title VII claim alleging a racially hostile work environment.

Federal Rule of Civil Procedure 21 provides: "Misjoinder of parties is not a ground for dismissing an action. On motion or on its own, the court may at any time, on just terms, add or drop

a party. The court may also sever any claim against a party." Fed. R. Civ. P. 21. The district court has "broad discretion whether to sever a claim under Rule 21." *Rice v. Sunrise Express, Inc.*, 209 F.3d 1008, 1016 (7th Cir. 2000). The Seventh Circuit has held that "a district court may sever claims under Rule 21, creating two separate proceedings, so long as the two claims are 'discrete and separate.'" *Gaffney v. Riverboat Servs. of Indiana, Inc.*, 451 F.3d 424, 442 (7th Cir. 2006) (quoting *Rice*, 209 F.3d at 1016). "In other words, one claim must be capable of resolution despite the outcome of the other claim." *Id.* (same).[1]

In their motion, which was filed before the Court ruled on the various dispositive motions, Defendants argue that Ms. Cottle's claims are discrete and separate and that severing the collective action claim for unpaid overtime wages under the FLSA from Ms. Cottle's other substantive claims will help simplify the issues and avoid confusion of the relevant facts and evidence. Defendants reason that there will be no duplication of evidence as the evidence required for the FLSA claims is separate and distinct from the other claims. Also, there will be no risk of inconsistent verdicts as the recoverable damages and/or damage model is separate and distinct. Defendants reason that any verdict that could be rendered on either the FLSA claim or the other claims would rely on separate and distinct facts, testimony, and evidence. Defendants contend that separate trials will not result

---

[1] Defendants cite a decision from the District of Maine setting forth six factors to consider on a motion to sever under Rule 21: (1) whether separate trials will help to simplify the issues and avoid confusion; (2) whether separate trials will result in duplication of evidence; (3) whether separate trials will create a risk of inconsistent verdicts; (4) whether separate trials will result in an efficient use of judicial resources; (5) whether separate trials will expedite or delay the proceedings; and (6) the effect of the parties' rights to a jury trial. Def. Br., p. 2 (citing *McCormick v. Festiva Development Group, LLC*, 269 F.R.D. 59, 65 (D. Me. 2010).

Ms. Cottle cites a slightly different set of factors from the Southern District of New York: "(1) whether the claims arise out of the same transaction or occurrence; (2) whether the claims present some common questions of law or fact; (3) whether settlement of the claims or judicial economy would be facilitated; (4) whether prejudice would be avoided if severance were granted; and (5) whether different witnesses and documentary proof are required for the separate claims." Pl. Resp., p. 2 (*quoting Wausau Bus. Ins. Co. v. Turner Constr. Co.*, 204 F.R.D. 248, 250 (S.D.N.Y. 2001).

in an inefficient use of judicial resources because separate trials will actually expedite and simplify the process for the Court and for the jury. Defendants also assert that they will be severely prejudiced if forced to "litigate the state law negligence claims, Title VII and ADA race and disability claims of a single plaintiff with those wage and hour claims of nineteen other individual plaintiffs who have no relevance to the individual claims of Cottle." Def. Mot., p. 3.

When Defendants filed this motion, all of Ms. Cottle's individual claims were still pending and the FLSA collective action was comprised of 19 plaintiffs. Now, the FLSA collective action has three class members, and Ms. Cottle's only remaining individual claim is that of a racially hostile work environment in violation of Title VII. Defendants are correct that the FLSA claim and the Title VII claim are discrete and separate in their legal analyses, and the FLSA claims of the collective action plaintiffs are capable of being resolved separately from the Title VII claim. They are also correct that the Court has broad discretion to sever claims. In this instance, the Court finds that the pursuit of the FLSA claim as a collective action with the inclusion of two additional individuals other than Ms. Cottle does not require that the claim be severed from Ms. Cottle's Title VII claim.

If there were no collective action, and the FLSA claim was solely an individual claim brought by Ms. Cottle, the Court would be disinclined to sever Ms. Cottle's individual FLSA claim from her individual Title VII claim. The principal Plaintiff and the Defendants are the same on both claims. Both of Ms. Cottle's claim's arose out of the same period of her employment, and the collective action is narrowly defined to include only employees who worked at the same store as Ms. Cottle and also worked for Defendants when Ms. Cottle worked for Defendants. Both claims involve the same managerial staff and coworkers.

3

Judicial economy would not be served by separate trials as two separate juries would be empaneled and much of the same background and foundation would be put into evidence in both cases. Because the only two legal claims that remain are distinct, the jury should not have difficulty differentiating the evidence, arguments, and damages presented for each. Most of the witnesses will be the same in both cases–Ms. Cottle, members of Defendants' management team, and Ms. Cottle's coworkers. Severance of the claims would unfairly prejudice Ms. Cottle as it would require her to present an incomplete picture of her claims to separate finders of fact. Both her FLSA claim and her Title VII hostile work environment claim arose concurrently during the continuous period of her term of employment, and many of the individuals involved in each of her claims are identical. To this extent, Ms. Cottle's problems are "essentially unitary," as her allegations form a single series of alleged abuses over the course of her employment as opposed to discrete events occurring at separate times and only tangentially related.

Finally, any unfair prejudice Defendants might suffer will be minimal because Defendants can still present separate defenses to each claim. Also, the prejudice Defendants assert in their motion based on the original size of the class with 19 plaintiffs is significantly decreased with the reduction of the class to three plaintiffs. In fact, Defendants would garner an unfair advantage from a severance order because the finder of fact would not have access to the full picture of Ms. Cottle's claims nor would the finder of fact be able to consider each claim in the totality of the circumstances of Ms. Cottle's employment with Defendants. For the same reasons, the Court declines the alternate request to bifurcate the trial on each claim under Federal Rule of Civil Procedure 42(b).[2]

---

[2] Federal Rule of Civil Procedure 42(b), titled "separate trials," provides: "For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims. When ordering a separate trial, the court must preserve any federal right to a jury trial." Fed. R. Civ. P. 42(a).

Based on the foregoing, the Court hereby **DENIES** Defendants' Motion to Sever [DE 85].

The Court **REAFFIRMS** the September 27, 2012, 2:00 p.m. Final Pretrial Conference and the October 29, 2012 trial setting.

So ORDERED this 24th day of September, 2012.

                          s/ Paul R. Cherry
                          MAGISTRATE JUDGE PAUL R. CHERRY
                          UNITED STATES DISTRICT COURT

cc:    All counsel of record